Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| FIDEICOMISO IRREVOCABLE RODRÍGUEZ BRUNO REPRESENTA **APELADA** v. MARÍA DE LOURDES APONTE CRUZ Y OTROS **APELANTE** | KLAN202400547 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas Caso Núm.: CG2022CV01121 (SALÓN 702) Sobre: ACCIÓN REINVINDICATORIA Y OTROS |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece ante nos, María de Lourdes Aponte Cruz, en adelante, la apelante, solicitando que revisemos una Sentencia Sumaria Parcial, notificada el 3 de mayo de 2024 por el Tribunal de Primera Instancia en Caguas. La aludida determinación concedió la Acción Reivindicatoria solicitada por el Fideicomiso Irrevocable Rodríguez Bruno, en adelante, el Fideicomiso o parte apelada, con el fin de que la apelante entregara la posesión de la propiedad ubicada en la urbanización Ciudad Jardín en Caguas.

Por los fundamentos que expondremos a continuación, *revocamos* la determinación recurrida y *devolvemos* el caso de autos al Tribunal de Primera Instancia para que se realice el inventario y la partición antes de adjudicar.

### I.

El 20 de noviembre de 2020, el señor José "Joseph" Rodríguez Bruno constituyó, mediante escritura pública, el Fideicomiso Irrevocable Rodríguez Bruno. En el mismo, el fideicomitente se nombró beneficiario primario y, como beneficiarios secundarios, a

sus hijos biológicos: David Killian, Eric Michael y Cristopher, todos de apellidos Rodríguez Encarnación. De fiduciaria, Rodríguez Bruno nombró a la señora Sonia Encarnación López.

Entre otros bienes, el señor Rodríguez Bruno, donó ese mismo día el inmueble #681 de la Urbanización Ciudad Jardín en Caguas, Puerto Rico valorado en 350 mil dólares, en aquel entonces, el cual motiva el presente litigio. Este inmueble era la residencia conyugal o vivienda familiar del Fideicomitente y beneficiario, en donde convivió -de manera continua- desde el 2010 con la aquí apelante, señora María de Lourdes Aponte Cruz, hasta su fallecimiento. El fideicomitente y la apelante se encontraban casados desde el 2008 bajo el régimen de separación de bienes, por lo que la propiedad la adquirió de manera privativa el causante.

El 11 de abril de 2021, a menos de un año de la donación de los bienes inmuebles al Fideicomiso, el señor José Rodríguez Bruno fallece intestado. Razón por la que, el 17 de julio de 2021, David Killian Rodríguez Bruno solicitó al Tribunal, Declaratoria de Herederos. El 19 de octubre de 2021 se emite Resolución sobre Declaratoria de Herederos en la que se establecen como únicos y universales herederos a María de Lourdes Aponte Cruz, cónyuge supérstite, y sus hijos David Killian, Eric Michael y Cristopher, todos de apellidos Rodríguez Encarnación y beneficiarios sustitutos en el Fideicomiso.

El 9 de abril de 2022, el Fideicomiso Irrevocable Rodríguez Bruno presentó demanda contra la aquí apelante. En la misma, adujo que le pertenecía en pleno dominio la vivienda conyugal en la que residía Aponte Cruz y, a entender de la parte apelada, ésta perturbaba la posesión del inmueble. Por lo tanto, solicitaron interdicto posesorio, junto a acción reivindicatoria y resarcimiento por daños y perjuicios. La parte apelada argumentó que el inmueble

le pertenecía al Fideicomiso y que la apelante no tenía ningún derecho sobre el inmueble, toda vez que no era beneficiaria de este.

Por otro lado, María de Lourdes Aponte Cruz contestó la demanda aduciendo que la propiedad en litigio era la vivienda conyugal y, por lo tanto, poseía válidamente. Así las cosas, en esencia, argumenta que el inmueble pertenece a la sucesión de Rodríguez Bruno, toda vez que la donación tenía la intención de afectar su derecho hereditario. A su entender, esto hace de esa liberalidad una inoficiosa e ilegal y, en consecuencia, la convertía en nula. También, atacó en su escrito, la constitución del Fideicomiso imputó actos de administración a los beneficiarios y solicitó la desestimación como resultado a no haberse realizado la liquidación de la comunidad hereditaria.

Tras encontrar que no era necesario esperar hasta el juicio en su fondo, el TPI decidió atender primero la solicitud de interdicto posesorio. Mediante Sentencia Parcial, el Tribunal determinó que la parte demandada había despojado de la posesión material al Fideicomiso, puesto que ella no era beneficiaria ni parte de este. Por lo tanto, ordenó el desalojo de la propiedad en treinta (30) días, abstenerse de ejercer posesión de la propiedad y de perturbar la posesión de los beneficiarios secundarios. Esta determinación fue revocada por el Foro Apelativo, ya que se estableció que Aponte Cruz era poseedora desde el 2010 y, por lo tanto, no le había perturbado la posesión al Fideicomiso. Esto hacía inmeritorio la concesión de un interdicto posesorio.[1]

Devuelto el caso al Tribunal de Primera Instancia, se procede a continuar con el pleito. Razón por la que, el 3 de noviembre de 2023, la parte apelada presenta *Moción de Sentencia Sumaria*. En esta, arguyó que procede resolver de manera sumaria la Acción

---

[1] Véase KLAN202200716 del 22 de febrero de 2023.

Reivindicatoria toda vez que, en resumen, el Fideicomiso tenía justo título del inmueble en virtud de la donación; la apelante no tenía ningún derecho sobre la posesión de la propiedad y que la propiedad no pertenecía a la sucesión del señor José Rodríguez Bruno.

En oposición, la parte apelante presenta moción solicitando la no concesión de la Sentencia Sumaria. Argumentó que no existía prueba de inscripción del fideicomiso y que eso resulta ser requisito constitutivo. Añadió que, aun cuando hubiera sido válido el Fideicomiso, dejó de existir a los dos (2) años del fallecimiento del fideicomitente -según consta en escritura pública. Adicional, señaló que tenía derecho de adquisición preferente como viuda supérstite y que la donación menoscabó la legítima, por tanto, no procedía la concesión de Acción Reivindicatoria hasta que se realice la partición de la herencia.

Finalmente, tras determinar que no existió controversia real de hechos esenciales, el Tribunal emitió Sentencia Parcial Sumaria concediendo la Acción Reivindicatoria. En esta, en resumen, se expuso que la Escritura Pública y el formulario de ODIN eran suficiente para la validación de la constitución del Fideicomiso. Sobre la inexistencia del Fideicomiso pasados los dos (2) años del fallecimiento del fideicomitente, el Tribunal razonó que de la escritura pública se establecía que, pasados los dos años, la fiduciaria continuaría ejerciendo sus funciones hasta la liquidación de este. Por lo tanto, habiendo validado la existencia del Fideicomiso y mostrando estos que poseen, a entender del tribunal, justo título de la propiedad que oponen ante una parte sin derecho a poseer el inmueble en litigio sentenció a la parte apelante a entregar la posesión en un término de 30 días.

Inconforme con la decisión, el recurrente presentó este recurso en el que hace los siguientes señalamientos de error:

Erró el foro primario al dictar Sentencia Sumaria Parcial, aun cuando la parte apelada no estableció que el Fideicomiso estuviera inscrito en el Registro Especial de Fideicomisos, lo cual es un requisito constitutivo cuyo incumplimiento implica su nulidad.

Erró el foro primario al dictar Sentencia Sumaria Parcial a favor de una parte que no puede hacer valer el dictamen, ya que al momento de emitirse la Sentencia Parcial y, de acuerdo con su propia escritura constitutiva, el Fideicomiso ya no existía.

Erró el foro primario cuando declaró con lugar una acción reivindicatoria de manera sumaria, a pesar de que la parte apelada tenía que establecer que no existía controversia acerca de su alegado justo título sobre la propiedad, y la apelante demostró:

(a) que tanto la donación como el fideicomiso son negocios jurídicos nulos que menoscabaron sus derechos hereditarios como heredera forzosa y viuda del fideicomitente, o
(b) que primero se tenía que llevar a cabo la partición de la herencia dejada por el causante para determinar la validez de dichos negocios jurídicos, por lo que existían controversias que no permitían dictar la Sentencia Sumaria Parcial.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

**II.**

**A.**

El fideicomiso es un patrimonio autónomo que resulta del acto jurídico a través del cual un fideicomitente transfiriere bienes o derechos para que sean administrados por un fiduciario para beneficio de un fideicomisario o fin especifico.[2] En este sentido, según reza el artículo, los bienes y derechos fideicomitidos constituyen un patrimonio completamente separado de los patrimonios personales del fideicomitente, el fiduciario y los fideicomisarios.[3] Un fideicomiso intervivo debe realizarse a través de escritura pública, mientras que el fideicomiso mortis causa o testamentario, se constituirá mediante testamento.[4] En el acto de constitución del fideicomiso se especificará:

---

[2] Art. 1, de la Ley 219-2012, Ley de Fideicomisos, 32 LPRA § 3351.
[3] Art. 2, *supra*, 32 LPRA § 3351a.
[4] Art. 7, *supra*, 32 LPRA § 3352.

(a) el lugar y fecha en que se constituye el fideicomiso;

(b) la declaración expresa de la voluntad de constituir fideicomiso;

(c) el nombre del fideicomiso que se constituye;

(d) la individualización de los bienes del patrimonio, o cuota del mismo, objeto del fideicomiso. Si no resulta posible tal individualización a la fecha de su constitución, debe constar la descripción de los requisitos y características que deben reunir los bienes;

(e) la determinación de la persona que puede incorporar otros bienes al fideicomiso y del modo en que pueden ser incorporados, en su caso;

(f) la designación completa y clara del fideicomitente, del fiduciario y del fideicomisario o de los sustitutos, en su caso. Cuando se trate de fideicomisarios futuros o de clases de fideicomisario, deberán expresarse circunstancias suficientes para su identificación;

(g) las facultades y deberes del fiduciario y las prohibiciones y limitaciones que se le imponen en el ejercicio del fideicomiso;

(h) cualquier reserva de derechos que haga el fideicomitente;

(i) el plazo o condición a que se sujeta el fideicomiso, en su caso;

(j) las reglas de acumulación, distribución o disposición de los bienes, rentas y productos de los bienes del fideicomiso; y

(k) cualquiera otra cláusula que el fideicomitente quiera incluir que no sea contraria a la ley, a la moral o al orden público.[5]

A su vez, tras la creación del Registro Especial de Fideicomisos bajo ODIN por la nueva ley, será necesario inscribir en este todos los fideicomisos constituidos en Puerto Rico, bajo pena de nulidad. Así lo admite el Art. 5, 32 LPRA § 3351d, en el que establece, precisamente que en la inscripción se harán constar el nombre del fideicomiso con la fecha y lugar de su constitución, el número de escritura y nombre del notario y los nombres y direcciones de fideicomitente, fiduciarios, fideicomisarios y sus sustitutos, si alguno. Este artículo, en su último párrafo añade que: [e]l notario que otorga el acto de constitución del fideicomiso tendrá la obligación de notificarlo a la Oficina de Inspección de Notarías no más tarde de los primeros diez días del mes siguiente a su otorgamiento.[6]

---

[5] Art. 8, *supra*, 32 LPRA § 3352a.
[6] Art. 5, *supra*, 32 LPRA § 3351d.

**B.**

Bajo el nuevo Código Civil del 2020, en su Art. 1621, 31 LPRA § 11161, se establece que la legítima es la parte o porción de la herencia que la ley reserva para determinadas personas, denominadas legitimarios. Son legitimarios en primer orden los descendientes y el cónyuge supérstite, mientras a falta de estos, serán legitimarios los ascendientes. Art. 1622, 31 LPRA § 11162. Por virtud de lo establecido en el código, Arts. 1620-1623, a estos les corresponde, como mínimo, una porción en partes iguales sobre el valor de la mitad de los bienes. Cuando un legitimario se le ha dejado, por cualquier título, menos de la legítima que le corresponde, puede pedir el complemento. Art. 1630, 31 LPRA § 11183.

Por otro lado, la herencia comprende los derechos y las obligaciones transmisibles por causa de la muerte de una persona, ya sea que los derechos excedan las obligaciones; que las obligaciones excedan los derechos, o solo se trate de obligaciones. La herencia también comprende **las donaciones computables**, así como los derechos y las obligaciones que le son inherentes después de abierta la sucesión. (Énfasis suplido) Art. 1552 del CCPR 2020, 31 LPRA § 10917. Para determinar cuánto corresponde a la herencia o masa hereditaria, es necesario comenzar la partición. La partición de la herencia comprende desde el inventario, el avalúo, el pago de las deudas, la división y la adjudicación de los bienes. Art. 1774 del CCPR 2020, 31 LPRA § 11641. El inventario es la relación clara, precisa y detallada de los bienes, las deudas y las cargas que constituyen la herencia de manera que queden suficientemente identificados. Art. 1782 del CCPR 2020, 31 LPRA § 11661. Si hay legitimarios, el inventario incluye una relación de las liberalidades, la fecha en que se realizaron y su valor al momento de efectuarse. Art. 1784 del CCPR 2020, 31 LPRA § 11663.

El legislador recalca esto en el Art. 1787, 31 LPRA § 11671, donde establece que, para efectos de la fijación de la legítima, el cómputo del caudal se rige por las siguientes reglas:

> (a) al caudal relicto valorado al momento de la partición se le deducen las deudas y las cargas no testamentarias; y
> (b) **al valor neto se le añade el de las liberalidades computables que hizo en vida el causante, calculado al momento en que se efectuaron.**

El Código Civil de Puerto Rico 2020 establece que serán computables las donaciones o liberalidades hechas por el causante si no han transcurrido diez (10) años o más desde que se hicieron hasta su fallecimiento. Art. 1788 del CCPR, 31 LPRA § 11672. En este sentido, tenemos que ver este artículo junto al Art. 1312, 31 LPRA § 10056, que añade que solo es válida la donación cuando el donante se reserva para sí, en propiedad o usufructo, bienes suficientes para su subsistencia. Nadie puede dar por donación más de lo que puede disponer por testamento. **La donación debe reducirse en todo cuanto sobrepasa esta medida.**

En el caso de que esta donación que exceda la legítima fuera concedida a uno o varios legitimarios, inter vivo o mortis causa, se le imputaría a su legítima. Si se excediera, se le imputaría el restante a la libre disposición. Art. 1789, 31 LPRA § 11673. Por otro lado, si la donación fuera a un extraño de la comunidad hereditaria, se imputan a la parte de libre disposición, pero en cuanto sean inoficiosas, se reducen según se dispone en este capítulo. Art. 1790, 31 LPRA § 11674. Ahora bien, esa reducción solo podría solicitarla un legitimario sobre la liberalidad inoficiosa. Art. 1791, 31 LPRA § 11675.

Para conseguir esto, es necesario el proceso de la partición iniciado con levantar el inventario y, trayendo al cómputo de la masa hereditaria, esas donaciones dentro del término de liberalidades computables. La partición puede promoverse en cualquier momento

por cualquier titular de la herencia o sus representantes. Art. 1775, 31 LPRA § 11642. Nuestro Código Civil 2020 establece tres tipos de partición testamentaria, convencional o judicial. Art. 1776, 31 LPRA § 11643. El Art. 1779, 31 LPRA § 11646, dispone que la convencional se da cuando todos los titulares de la herencia son capaces y existe acuerdo unánime, acuerdan realizar la partición de la manera que tengan por conveniente, cuando el testador no haya hecho la partición o no se la haya encomendado a otro. Mientras, el Art. 1780, 31 LPRA § 11647, resuelve que, ante la falta de acuerdo unánime, cualquier titular de la herencia puede instar la partición judicial en la forma prevista en la ley procesal.

### III.

Por encontrarse relacionados entre sí, los primeros dos (2) señalamientos de error se discutirán en conjunto. En estos, la apelante levanta la nulidad y la inexistencia del Fideicomiso Irrevocable Rodríguez Bruno en base a ciertos criterios. Adelantamos que, en estos planteamientos, no le asiste la razón.

En nuestro estado de derecho, el notario que otorga el acto de constitución del fideicomiso tiene la obligación de notificarlo a la Oficina de Inspección de Notarías no más tarde de los primeros diez (10) días del mes siguiente a su otorgamiento. Estableciendo, de esta manera en su Art. 5, *supra,* que este requisito de inscribir el fideicomiso se limita al deber de notificar la constitución del fideicomiso, a través de la cumplimentación del formulario para sostener su validez. Esto es así, toda vez que lo único que califica ODIN es la cumplimentación del formulario de inscripción y aceptación.[7] Utilizando como base el listado taxativo que propone la

---

[7] Véase también la instrucción general #35 de Instrucciones Generales a los Notarios y Notarias. En este, ODIN ratifica que basta con la notificación de la Constitución del Fideicomiso.

asamblea, en donde establece que en la inscripción solo se harán constar las siguientes menciones:

> (a) el nombre del fideicomiso que se constituye;
> (b) fecha y lugar de su constitución;
> (c) número de escritura y nombre del notario ante quien se otorgó, en su caso;
> (d) el nombre y la dirección del fideicomitente;
> (e) el nombre y la dirección del fiduciario o fiduciarios y de sus sustitutos, si alguno; y
> (f) el nombre y la dirección del fideicomisario o fideicomisarios y de sus sustitutos, si alguno.

De este modo, no debe quedar dudas que, sobre este señalamiento, basta con la presentación del formulario de inscripción para mostrar y sostener la validez de la notificación del fideicomiso. La parte apelada presentó en evidencia el formulario de inscripción cumplimentado. En este, se evidenciaba la existencia del Fideicomiso Irrevocable Rodríguez Bruno, parte del presente litigio.

Una situación similar sucede con el segundo planteamiento de error, en el que se propende a aplicar una exégesis muy superficial de la ley. La Ley de Fideicomisos de Puerto Rico en el Art. 27, 32 LPRA § 3352t, en sus incisos (a) y (n) establece que el fiduciario tiene el deber y la facultad para administrar y representar al Fideicomiso de acuerdo con los términos y propósitos de este, de acorde a las disposiciones de ley y, defender los intereses del fideicomisario en reclamaciones contra terceros. Así mismo, en el Art. 61, inciso (b), 32 LPRA § 3353aa, establece que la terminación del Fideicomiso puede darse con la expiración del plazo por el que se constituyó o cuando ocurra el suceso que determina su terminación.

En el caso ante nos, el Fideicomitente expresamente establece -en la escritura de constitución- que el término del Fideicomiso sería de quince (15) años desde su constitución, o a los dos (2) años desde su fallecimiento, reservándole las facultades a la fiduciaria hasta que se culmine con el proceso de liquidación de bienes. En este sentido, además de los dos (2) años, dispuso el proceso de

liquidación como suceso o cláusula suspensiva para la terminación del mismo. A su vez, entendemos menester mencionar que la acción se ejecutó antes del vencimiento del plazo de dos (2) años para la culminación. Iniciado el pleito necesario para establecer los bienes a liquidar, la fiduciaria continúa con sus facultades en representación del Fideicomiso. Así las cosas, el Fideicomiso continúa existiendo hasta la finalización del proceso de liquidación.

Nos resulta forzoso concluir que, de la manera en la que están planteados los señalamientos de error y basado en la evidencia que obra en el expediente, en este momento, prevalece la determinación de sostener la validez y existencia del Fideicomiso.

Ahora bien, como tercer señalamiento de error, la parte apelante cuestiona la facultad para conceder acción reivindicatoria mediante sentencia sumaria, una vez levantado que la donación afectaba la legítima y que no podía ejercer ningún derecho hasta que se realizara la partición. En este último señalamiento, le asiste la razón a la apelante.

En nuestro estado de derecho actual, las donaciones realizadas dentro de los 10 años anteriores a la muerte del causante son computables al valor neto del cómputo del caudal hereditario. Como regla general, al momento de la partición, esta se computará a la libre disposición del causante, a menos que afecte la porción de la legítima. De afectar la legítima, cualquier legitimario, a quien se le vea afectada su porción, tiene derecho a exigir el complemento de esta. Cuando el donatario es un extraño, corresponde la reducción del valor donado. La forma adecuada de realizar el complemento de la legítima, de mostrarse que la donación fue inoficiosa y laceró derechos hereditarios, se consigue reduciendo esas liberalidades y no anulando por completo la donación. A menos, claro, que el fin de la donación sea uno ilícito, lo que haría nulo el negocio jurídico.

Se desprende del expediente, el 20 de noviembre de 2020, el causante realizó la donación y, que esta, fue hecha a menos de un (1) años de su muerte. Mediante la donación, transfirió, entre otros, el inmueble que era la vivienda conyugal, pero se reservó su usufructo. De manera que vivió de forma continua con la viuda en esta propiedad hasta su fallecimiento. También se desprende la realización de una declaratoria de herederos, en donde la apelante es reconocida como legitimaria. En el presente, no se ha realizado partición alguna, aun cuando se levantó la necesidad de realizarla al alegar que se afectaba la legítima de la cónyuge supérstite, en ese entonces, parte demandada.

Al realizar la donación dentro del año antes de su fallecimiento, esta es computable al caudal hereditario que determina la porción de la legítima. El valor que se utilizará es el que tenía al momento de realizada la donación. De esta manera, estando dentro de la masa hereditaria y habiendo conflicto, es necesaria la realización de la partición para que puedan ejercer derechos como el de la acción reivindicatoria. Al no disponer nada el causante y no haber acuerdo entre la comunidad de herederos, corresponde al Tribunal realizar la partición.

En el caso ante nos, hay varios hechos que resaltan y requieren de un escrutinio completo por parte del Tribunal. Primero, la fecha de la donación a 8 días de la vigencia del nuevo código que haría de la viuda supérstite una legitimaria. Este hecho, sin lugar a duda, nos presenta dos posibles escenarios que son deber del Tribunal cavilar: (1) investigar si se realiza la donación con el fin de excluir legalmente a la cónyuge supérstite, al donar la vivienda conyugal, pero reservando bienes suficientes para la legítima o (2) si se realizó la donación con el fin ilícito de afectar la legítima de la viuda. Este último escenario presenta otra interrogante, tras observar la reservación del usufructo de la propiedad donada, ya sea

como donante o beneficiario del fideicomiso. Toda vez que, aún no queda claro, si se reservó el usufructo como donante para la subsistencia, ya que no poseía de otros bienes donde pudiera constituir su vivienda conyugal.

Entendemos menester resaltar que no es intención de nuestro foro el de demonizar la existencia de los fideicomisos en Puerto Rico, mucho menos, lacerar la voluntad de los testadores que legalmente busquen excluir una propiedad de la masa hereditaria, siempre y cuando estos actos jurídicos se realicen conforme a la ley sin intención de defraudar.

De este modo, luego de analizado el expediente y los argumentos de ambas partes, somos del criterio de que se debe revocar la determinación del TPI para que el caso se ventile en sus méritos y se adjudique luego de realizada la partición.

**IV.**

Por los fundamentos que anteceden, se modifica la sentencia apelada y devolvemos al Tribunal de Primera Instancia, Sala de Caguas, para que se realice el inventario y la partición antes de adjudicar.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones